UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

THE IRON WORKERS NATIONAL PENSION PLAN, )
Formerly known as )
THE NATIONAL SHOPMEN PENSION PLAN, )
An ERISA DEFINED BENEFIT PENSION PLAN, )
And ERIC DEAN, )
And VIC CORNELLIER, )
TRUSTEES of said PLAN, in Their )
Representative Capacity as Trustees, )
                                                                 )
      Plaintiffs, )
)
v. ) CASE NO.  1:20-cv-1204
)
SAMUEL GROSSI & SONS, INC., )
A Pennsylvania Corporation, )
)
Serve:  Robert Grossi, President and Secretary of )
       Samuel Grossi & Sons, Inc. )
       2526 State Road )
       Bensalem, PA 19020 )
)
         and )
)
Serve:  John M. Grossi, Vice President of )
       Samuel Grossi & Sons, Inc. )
       2526 State Road )
       Bensalem, PA 19020 )
)
      Defendants. )

## **COMPLAINT**

COME NOW Plaintiffs, and for their cause of action against **Samuel Grossi & Sons, Inc.**, hereafter "Samuel Grossi & Sons" state as follows:

1. Jurisdiction of this cause of action and the parties is conferred by §§ 301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. § 185 and by §§

502(c)(1) and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1132(e)(1) and (f).

2. Venue in this Court is appropriate by virtue of § 502(e)(2) of ERISA, 29 U.S.C. 1132(e)(2) in that Plaintiff Fund is administered in the District of Columbia and periodic Trustee meetings are held within the District of Columbia.

3. The parent organization of International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, Local 502 is located in the District of Columbia as well. International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, Local 502 has a collective bargaining agreement ("CBA") and a long-standing bargaining relationship with Defendant.

4. The parent organization of Local 502 has its principal offices within this Judicial District at 1750 New York Avenue, N.W., 7th Floor, Washington, D.C. 20006.

5. The Iron Workers National Pension Plan ("Fund") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. 1002(3) and 1132(d)(1).

6. The Fund is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

7. The Fund is administered at 1750 New York Avenue, N.W., 7th Floor, Washington, D.C. 20006.

8. Plaintiffs Eric Dean and Vic Cornellier are two of the Trustees of the Board of Trustees of the Fund.

9. The Plaintiff Trustees are both fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Fund.

10. Defendant is an employer within the meaning of § 301 of the LMRA, 29 U.S.C. § 185, and within the meaning of §§ 3(5) and 515 of ERISA, 29 U.S.C. 1002(5) and 1145.

11. Employer is and has been at all time pertinent hereto signatory to and/or bound by collective bargaining agreements with Local 502, which CBAs further compel that Employer make periodic contributions to the Fund (Exhibits A & B).

12. The CBAs state Employer is to submit fringe benefits, dues remissions, contributions to the Iron Workers National Pension Plan and evidence each hour worked by its bargaining unit employees at the rate and manner specified in the CBA and Fund Trust documents (Exhibits A & B).

13. The CBAs state that the Employer is to make monthly payments and contributions on all bargaining unit employees in its employ showing the number of hours worked and contributions due on its bargaining unit employees at the rate and manner specified in the CBA and Trust documents (Exhibits A & B).

14. Throughout the period from January 1, 2016 to the present, Defendant has been under obligation to make contributions to the Fund. For example, at Exhibit A, §§ 14AA of CBA between Local 502 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers (hereinafter "Local 502") and Defendant, required Defendant to make contributions of $2.85 per hour from August 1, 2017 to August 1, 2018.

15. A similar CBA between Defendant and Local 502 requires contributions from August 1, 2018 through August 1, 2019 of $2.95 per hour and from August 1, 2019 to August 1, 2020 of $3.00 per hour (Exhibit B).

16. Requests have been made by Counsel for the Fund and by Patrick A. Reid, of Reid and Associates CPA, LLC at 6917 Annapolis Road, Landover Hills, MD 20784 to conduct an audit

of the books and records of Defendant. Defendant has failed and refused to respond to these written requests and telephonic messages.

17. The same CBAs, for the same bargaining unit personnel, require contributions to the Local 502 Pension Fund, separate and apart from the Fund under these CBAs. For the period from January 1, 2017 through December 31, 2019 contributions were made to the Local 502 Pension Fund for hours worked. No contributions were made to the Fund for any hours worked and no reports were filed.

18. Using the same hours for which contributions were made to the Local 502 Fund for the period January 1, 2017 through December 31, 2019 total contributions, without including attorneys' fees, audit fees, liquidated damages and interest to the Fund, are $493,430.68.

19. Samuel Grossi & Sons has made no contributions for the period from January 1, 2017 through December 31, 2019.

20. § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) makes Samuel Grossi & Sons liable to Plaintiffs for all unpaid principal.

21. § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), makes Samuel Grossi & Sons liable for liquidated damages and interest on unpaid principal amounts.

22. § 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and the Plan and Trust agreements referred to above, make Samuel Grossi & Sons liable for liquidated damages and interest on amounts it has paid and may pay in an untimely manner.

23. § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), make Samuel Grossi & Sons liable to pay to Plaintiffs the reasonable attorneys' fees, accounting fees and costs incurred by Plaintiffs in connection with this action.

24.     Samuel Grossi & Sons breached the CBA, in violation of § 515 of ERISA, 29 U.S.C. § 1145, and breached the described Plan and Trust Agreements, causing and continuing to cause Plaintiffs to incur reasonable legal, administrative, bookkeeping and accounting fees and costs.

WHEREFORE, Plaintiffs pray:

Wherefore, Plaintiffs seek contribution to the Fund in the amount of $493,430.68 plus attorneys' fees, liquidated damages and interest pursuant to the Fund planned document, the Fund delinquency policy and the CBAs to which Defendant was signatory and obligated; and further, Plaintiff demands by way of declaratory relief an accounting to be conducted by a certified public accountant of his choice, Patrick A. Reid, of the books and records of Defendant to determine whether other amounts are due and owing and what the exact amounts of liquidated damages and interest should be owed to the Fund; and furthermore, Plaintiffs request such other relief in costs as are deemed due and necessary in the premises.  Furthermore, Plaintiffs pray:

(c)     This Court enter its judgment and decree against Samuel Grossi & Sons for the amount of $493,430.68 plus such additional principal amount as is due following an audit together with interest and damages on that amount, all in accordance with the CBAs and ERISA;

(d)     This Court enter an order compelling Samuel Grossi & Sons to specifically perform its obligations to pay liquidated damages on principal amounts it has paid late or may in the future pay late;

(e)     This Court enter an order permanently compelling and enjoining Samuel Grossi & Sons to submit any and all future reports and payments in a timely fashion under the current or any subsequent CBA to which Plaintiff Painters and Samuel Grossi & Sons are or may become bound; and

(f)     This Court enter its judgment and decree against Samuel Grossi & Sons for Plaintiffs' reasonable attorneys' fees and for Plaintiffs' costs, including accounting, auditing and administrative costs, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GLADNEY LAW GROUP, L.L.C.

 /s/ Ronald C. Gladney
RONALD C. GLADNEY, No. 28160
2201 Wisconsin Avenue, N.W. Suite 200
Washington DC, 20007
Cell: (314) 941-2406
E-Mail: rgladney@gladneylaw.net

Attorneys for Plaintiffs